

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-137

| | |
|---|---|
| JACK JONES<br>APPELLANT | **Opinion Delivered** October 23, 2013 |
| V. | APPEAL FROM THE JEFFERSON<br>COUNTY CIRCUIT COURT<br>[NO. CV-11-130-2] |
| CHARLES McLEMORE and<br>ROGER McLEMORE<br>APPELLEES | HONORABLE MARION ANDREW<br>HUMPHREY, JUDGE<br><br>REBRIEFING ORDERED |

## DAVID M. GLOVER, Judge

Jack Jones appeals from the trial court's October 24, 2012 grant of summary judgment in favor of Charles McLemore and Roger McLemore. As his two basic points of appeal, Jones contends that 1) the trial court erred in granting the motion for summary judgment regarding his claims of malicious prosecution and conspiracy to commit malicious prosecution, and 2) the trial court erred in ruling that his claims under the Arkansas Civil Rights Act were barred by the statute of limitations. We cannot address the merits of this appeal because the answer to the complaint has not been included in the addendum, and deposition testimony relied upon by Jones in making his arguments has not been abstracted.

Rule 4-2 of the Rules of the Arkansas Supreme Court and Court of Appeals sets forth the prescribed contents for briefs filed in our appellate courts. Rule 4-2(a)(8) explains that an appellant's brief must contain an addendum and that the addendum must include the

pleadings on which the trial court decided each issue. Rule 4–2(a)(5) explains that an appellant shall create an abstract of the material parts of all the transcripts in the record, and that transcript information is material if it is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.

The deficiencies we note above require us to order rebriefing in this case. Therefore, in accordance with Rule 4–2(b)(3), we order appellant to file a substituted brief that complies with our rules within fifteen days from the date of entry of this order. While we have noted specific briefing deficiencies, we encourage counsel to review the contents of Rule 4-2 prior to submitting his substituted brief to make sure that the substituted brief complies with our rules and that no additional deficiencies are present.

Rebriefing ordered.

WYNNE and VAUGHT, JJ., agree.

*Banks Law Firm*, by: *Charles A. Banks* and *Robert W. Francis*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *James O. Howe*, Ass't Att'y Gen., for appellee.

SLIP OPINION